## SMITH v. HAM.

(Supreme Court, Appellate Division, Third Department.  March 3, 1915.)

APPEAL AND ERROR (§ 237*)—PRESENTING QUESTIONS IN LOWER COURT—MOTION FOR DIRECTED VERDICT.

> Where the evidence at the trial was unsatisfactory on both sides, and contained inconsistencies which neither attempted to explain, and defendant did not move for a directed verdict, though on his theory plaintiff as a matter of law was not entitled to recover, the failure to make the motion under such circumstances will be treated as an admission that there was a jury question, and the verdict for the amount of the balance which plaintiff testified to be due will be affirmed.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. § 237.*]

Appeal from Rensselaer County Court.

Action by George D. Smith against Albert W. Ham. Judgment for the plaintiff, and defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John F. Murray and Wm. H. Murray, both of Troy, for appellant. Frederick C. Filley, of Troy, for respondent.

SMITH, P. J. The record in this case is very unsatisfactory. It presents inconsistencies of which no explanation is attempted, and neither side is in a position to ask any special endeavor on the part of the court to unravel tangles caused by their own failure to present the evidence as it should have been presented. It should be said, however, in justice to the attorneys who argued the appeal in this court in behalf of the defendant, that they were not connected with the case when it was tried in the court below. The cause of action is upon a contract for doing certain cement work at the request of the defendant. The fair inference is that the cement was to be furnished by the plaintiff, the cost of which was included in the contract price. The plaintiff himself swears, however, that the defendant paid for all the cement used upon the work "for him." Nevertheless, in this account defendant is charged some $33.30 for cement furnished, and the balance to which he has sworn is reached by including that charge. If under the contract the plaintiff was to furnish this cement, not only should this charge have been omitted from his account, but his account should have credited the defendant with this amount of cement as having been paid for by the defendant for him. This would make a difference of $66.60 in the amount of the recovery. Nevertheless, in the account there appears a

---

credit of $184.84. The plaintiff admits that $110 in cash has been paid; the defendant claims $122. So that $74.84 of this credit was a noncash credit, perchance to offset this very charge, which appears to have been erroneously made. As to what constitutes this noncash credit, there was no attempt by counsel to enlighten the court or jury.

Further, there are three items in the plaintiff's account—helper's time, 6 hours, at 25 cents, $1.50; three bags of cement, at 50 cents, $1.50; and to John, 26 hours, at 20 cents, $5.20—amounting in all to $8.20, which upon the evidence of plaintiff himself seem to be unauthorized charges. So that upon defendant's theory plaintiff as matter of law was entitled to recover nothing whatever. Nevertheless, no motion was made by the defendant to have the court so rule, and to take the case from the jury. While such a motion is not absolutely necessary in order to enable an appellant to claim in the Appellate Division that the verdict is unauthorized by law, yet where the facts have been so imperfectly presented to the jury and to the court, the Appellate Division will give significance to a failure to move for a directed verdict as an admission on the part of the defendant that there is a question for the jury to decide, and in view of this admission, made under the circumstances here presented, and of the evidence of the plaintiff that the amount found by the jury was the balance due, we are of opinion that the parties should not be burdened with the costs of another trial, but that the litigation should be ended, and the judgment affirmed, with costs.

Judgment and order affirmed, with costs. All concur. ·